**United States District Court**
For the Northern District of California

*E-FILED: February 24, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMONDO INVESTMENT, LLC, | No. C12-00526 HRL |
| Plaintiff, | **ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE** |
| v. | **REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR REMAND** |
| SALLY MILLER; RONALD BANCHERO; DOES 1-5, | |
| Defendants. | [Re: Docket No. 4] |

On February 1, 2012, defendant Sally Miller removed this unlawful detainer case from Santa Clara County Superior Court. Plaintiff moves to remand and requests an order requiring defendant to pay its fees and costs pursuant to 28 U.S.C. § 1447(c). This court has received no opposition to that motion, and the time for filing any opposition or response has passed. The matter is deemed suitable for determination without oral argument, and the noticed hearing is vacated. CIV. L.R. 7-1(b). For the reasons stated below, the undersigned recommends that plaintiff's motion for remand be granted and that plaintiff's request for fees and costs be denied.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These

1 removal statutes are strictly construed against removal and place the burden on the defendant to
2 demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241,
3 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

4 Defendant has failed to show that removal is proper based on federal question
5 jurisdiction. The Notice of Removal asserts that plaintiff violated federal law in pursuing its
6 unlawful detainer action. Federal courts have original jurisdiction over civil actions "arising
7 under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim
8 "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a
9 federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and
10 counterclaims asserting a federal question do not satisfy this requirement. Id. The record
11 indicates that plaintiff's complaint presents claims arising only under state law and does not
12 allege any federal claims whatsoever. Defendant's allegations in a removal notice or in a
13 response to plaintiff's complaint cannot provide this court with federal question jurisdiction.

14 Nor does this court have diversity jurisdiction over the matter. Defendant does not
15 establish diversity of citizenship in her removal notice; and, a review of the complaint shows
16 that it specifies that the amount in controversy does not exceed $10,000.00. (Complaint at 1).
17 In any event, as a California resident, defendant cannot remove this action to federal court under
18 diversity jurisdiction. 28 U.S.C. § 1441(b) (stating that an action is removable for diversity
19 "only if none of the parties in interest properly joined and served as defendants is a citizen of
20 the State in which such action is brought"); Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th
21 Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought
22 bars removal.").

23 Accordingly, this court recommends that this case be remanded to the state court.
24 "An order remanding the case may require payment of just costs and any actual
25 expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).
26 "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where
27 the removing party lacked an objectively reasonable basis for seeking removal. Conversely,
28 when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital

1  Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L.Ed.2d 547 (2005). "In applying this rule,
2  district courts retain discretion to consider whether unusual circumstances warrant a departure
3  from the rule in a given case." Id. As explained by the Ninth Circuit, "removal is not
4  objectively unreasonable solely because the removing party's arguments lack merit, or else
5  attorney's fees would always be awarded whenever remand is granted." Lussier v. Dollar Tree
6  Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008). Instead, the objective reasonableness of
7  removal depends on the clarity of the applicable law and whether such law "clearly foreclosed"
8  the arguments in support of removal. Id. at 1066-67.

9  Pointing out that defendant removed this matter one day before the case was set for trial
10 in the state court (Lin Decl. ¶ 5), plaintiff argues that defendant acted solely to delay the
11 proceedings, increase costs, and postpone eviction. As discussed above, there is no substantive
12 basis for removal. The timing of removal suggests that defendant might have been motivated,
13 at least in part, by a desire to postpone eviction. Nevertheless, the rule that removal cannot be
14 based on a federal defense is not intuitively obvious to a pro se litigant; and, there is no
15 indication in the record presented that Miller knew better. For that reason, even when removal
16 is improper or untimely, courts have given considerable weight to a removing party's pro se
17 status in denying requests for fees and costs. See, e.g., Wells Fargo Bank, N.A. v. Hunt, No.
18 C10-04965JCS, 2011 WL 445801 at *5 (N.D. Cal., Feb. 3, 2011) (collecting cases); Quantum
19 Servicing Corp. v. Castaneda, No. C11-2890EMC, 2011 WL 3809926 at *2 (N.D. Cal., Aug.
20 29, 2011) (denying request for fees and costs, even where removal was objectively
21 unreasonable, because defendant "is a pro se litigant and unlikely unable to pay a fee award
22 given that her home was foreclosed upon."); OneWest Bank, FSB v. Mohr, No. C10-
23 00639SBA, 2010 WL 2721437 at *3 (N.D. Cal. July 7, 2010) (denying request for fees and
24 costs, even where removal was untimely and objectively unreasonable, because defendants did
25 not have the benefit of legal counsel). Cf. Fleming v. Catlin, No. 11-cv-03178KJM KJN PS,
26 2012 WL 360203 at *5-6 (E.D. Cal., Feb. 2, 2012) (stating that the suspect timing of removal,
27 by itself, may not warrant an award of fees and costs against a pro se litigant; but, nonetheless
28 issuing a fee award where the improper removal, coupled with defendant's failure to comply

1  with the district court's orders after removal, needlessly delayed the proceedings).
2  Accordingly, this court recommends that plaintiff's request for an award of fees and costs be
3  denied.
4      Because the parties have yet to consent to the undersigned's jurisdiction, this court
5  ORDERS the Clerk of the Court to reassign this case to a District Judge.  The undersigned
6  RECOMMENDS that the newly assigned judge (1) grant plaintiff's motion to remand the case
7  to Santa Clara County Superior Court and (2) deny plaintiff's request for an award of attorney's
8  fees and costs.  Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file
9  objections to this Report and Recommendation within fourteen days after being served.
10      SO ORDERED.
11  Dated: February 24, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

1  5:12-cv-00526-HRL Notice has been electronically mailed to:

2  Marcia Anne Wallis    marciaannewallis@gmail.com

3  5:12-cv-00526-HRL Notice sent by U.S. Mail to:

4  

5  Sally Miller
328 Pineview Drive
Santa Clara, CA 95050